08-0789-pr
Abascal v. Jarkos

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December , two thousand nine.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
                     *Circuit Judges*,
           JED S. RAKOFF,[*]
                     *District Judge*.

------------------------------------------------------------------

ISIDRO ABASCAL,

                     *Plaintiff-Appellant*,

           v.                                        No. 08-0789-pr

STEVE JARKOS, Psychologist, sued in his individual
and official capacity, P. TATUM, Psychologist,
sued in his individual and official capacity,
H.D. GRAHAM, Deputy Superintendent of Security,
sued in his individual and official capacity, GARY
H. FILION, Superintendent, sued in individual and
official capacity, CAROL GOODMAN, RN Therapist,
sued in individual and official capacity, W. LAPE,
Acting Superintendent, sued in individual and

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

official capacity, FRANTZ MUSE, M.D. Assistant Psychiatrist, sued in individual and official capacity, H.E. SMITH, Executive Director, sued in individual and official capacity, JOHN BURGE, Superintendent, sued in individual and official capacity, JAMES L. STONE, Commissioner of Office of Mental Health, sued in individual and official capacity, GLENN S. GOORD, Commissioner of Department of Correctional Services, sued in individual and official capacity, JAMES T. CONWAY, Superintendent, sued in individual and official capacity,

*Defendants*,

BRYAN HILTON, Psychologist, sued in his individual and official capacity, MITCHELL LANGBART, MD, sued in individual and official capacity,

*Defendants-Appellee.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT: ISIDRO ABASCAL, *pro se*, New York, New York.

FOR APPELLEES: Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Andrew B. Ayers, Assistant Solicitor General, Albany, New York.


Appeal from the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's January 30, 2008 judgment is AFFIRMED.

Plaintiff Isidro Abascal appeals pro se from the dismissal of his complaint charging various prison doctors and officials under 42 U.S.C. § 1983 with violations of his

2

constitutional rights. "We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). We also review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e). See Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). In applying these standards, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

1.    Section 1915(e) Dismissal

Abascal challenges the district court's § 1915(e) dismissal of his claim that defendants were deliberately indifferent to his health and safety in using high-tech equipment to cause him pain and injury. Under § 1915(e), a court may sua sponte dismiss claims that "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Where the factual allegations supporting a claim describe fantastic or "delusional scenarios," the claims are properly dismissed as "clearly baseless." Id. at 327-28; see also Denton v. Hernandez, 504 U.S. 25, 31-32 (1992). On its face, Abascal's contention that defendants used high-tech equipment to control his thoughts and behavior and remotely to inflict pain

---

[1] We note that by failing to address the issue in his brief, Abascal has abandoned any challenge to the district court's dismissal of his claims against defendant Langbart for failure to serve, see Fed. R. Civ. P. 4(m), and, in the alternative, for failure to comply with the district court's November 6, 2006 order, see Fed. R. Civ. P. 16(f); LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995). Accordingly, we do not address that ruling in this order.

can be considered nothing other than fantastic or delusional. Accordingly, the district court correctly ordered § 1915(e) dismissal.

2. Time-Barred Claims

Abascal faults the district court's dismissal of various claims as time-barred, invoking the continuing violation theory. A claimant asserting a continuing violation "must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999); see Shomo v. City of New York, 579 F.3d 176, 182 (2d Cir. 2009) (concluding that continuing violation theory may be applied to deliberate indifference claims). Here, the only conceivably ongoing policies alleged by Abascal are the previously discussed use of mind-altering high-tech equipment and sexual provocation by female staff members. Because the former claims lack an arguable basis in fact, they were properly dismissed regardless of whether they might be deemed timely on a continuing violation theory. We need not decide whether Abascal's sexual provocation allegations state a continuing violation because Abascal has not alleged that the defendants named in his complaints, much less Hilton, were personally involved in, or responsible for, that provocation. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Accordingly, Abascal's reliance on the continuing violation theory does not save these claims from dismissal.

4

3. Constitutional Challenges to the Conditions of Confinement

Equally unavailing is Abascal's challenge to the district court's dismissal of his various constitutional claims against Hilton for arbitrarily classifying him as mentally ill, transferring him to Central New York Psychiatric Center, and placing him in a "strip cell."

Whether pursued as Eighth Amendment challenges to the conditions of his confinement, Fourteenth Amendment due process claims, or First Amendment claims for retaliation, these claims were properly dismissed because Abascal failed to plead facts showing Hilton's personal involvement in the complained-of transfer or strip-cell placement. See Wright v. Smith, 21 F.3d at 501. Moreover, even assuming that Abascal's letter-writing is "protected speech" under the First Amendment, his retaliation claim fails because he alleges no facts permitting a conclusion that the complained-of actions were "adverse" in light of his own description of his mental condition in his complaint. See Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) (discussing adverse action requirement of retaliation claim); see also, e.g., Compl. ¶ 12 (describing "waking visions" and belief that "mind was being read").

4. Equal Protection Claim

Abascal contends that the district court erred in applying rational basis review rather than heightened scrutiny to his equal protection claims based on his status as a Mariel Cuban. The point merits little discussion. Abascal has not alleged any facts that could support a finding of disparate treatment, much less intentional discrimination, based on his status as a Mariel Cuban. Accordingly, his equal protection claim was properly dismissed.

5

5.    <u>Venue</u>

We need not here decide whether the district court should have transferred rather than dismissed Abascal's claims arising out of events occurring in the Western District of New York. A transfer now would be duplicative because Abascal has already commenced an action in the Western District against defendant Conway and others for the alleged wrongs.

6.    <u>Conclusion</u>

We have considered Abascal's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿