08-5183-pr
Sumpter v. Skiff

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

PRESENT:

> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges*,
> JOHN G. KOELTL,[*]
> > *District Judge*.

_____

Willie Sumpter,

> *Plaintiff-Appellant*,

> v.                                                              08-5183-pr

D. Skiff, Counselor, Gouverneur Correctional Facility,
Glenn S. Goord, Commissioner,

> *Defendants-Appellees*,

Lucien LeClaire, Jr., Deputy Commissioner,

> *Defendant*.

_____

_____

[*]John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Willie Sumpter, *pro se*, Ogdensburg, N.Y.

FOR APPELLEES:          Andrew M. Cuomo, Attorney General for the State of New
                        York; Barbara D. Underwood, Solicitor General; Nancy A.
                        Spiegel, Senior Assistant Solicitor General; Kate H. Nepveu,
                        Assistant Solicitor General, Albany, N.Y.


Appeal from a judgment of the United States District Court for the Northern District
of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of the district court be **AFFIRMED**.

The appellant Willie Sumpter, *pro se*, appeals from a judgment of the district court
dismissing his 42 U.S.C. § 1983 complaint.  The district court adopted the report and
recommendation of a magistrate judge, to which Sumpter filed no objections after the
district court denied his motion for an extension of time to file objections.  We assume the
parties' familiarity with the underlying facts, the procedural history of the case, and the
issues on appeal.

This Court has adopted the rule that failure to timely object to a magistrate judge's
report and recommendation "may operate as a waiver of any further judicial review of the
decision, as long as the parties receive clear notice of the consequences of their failure to
object." *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that a Court of Appeals may
adopt such a rule)*; United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir.
1997); *see also Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988).  While this
rule, which applies to *pro se* litigants, is "a nonjurisdictional waiver provision whose
violation we may excuse in the interests of justice," *Roldan v. Racette*, 984 F.2d 85, 89 (2d

Cir. 1993), we find no basis for doing so here, where none of Appellant's arguments on appeal have substantial merit, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (citations omitted).

We note that insofar as the appellant challenges the district court's denial of his motion for an extension of time to file objections to the report and recommendation, we review such decisions for abuse of discretion, *see Wesolek*, 838 F.2d at 58, and we have determined that, here, the district court acted within its discretion by denying the motion because the appellant failed to assert good cause for the requested extension, as required by Fed. R. Civ. P. 6. We also note that while the district court declined to grant the appellant leave to amend his complaint, even a liberal reading of the complaint gives no indication that he could have stated a valid claim in a second amended complaint. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3