09-0480-pr
Caroselli v. Curci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> PETER W. HALL,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge.*

_____

Dino Caroselli,

> *Plaintiff-Appellant*,

> v.                                                                 09-0480-pr

Michael Curci, Former Kings County Supreme Court Judge; Plummer E. Lott, Kings County Supreme Court Judge; Reinaldo Rivera, Appellate Division, Second Department Judge; City of New York; State of New York; Abraham Friedman, Former Kings County Assistant District Attorney; Elizabeth Holtzman; Albert C. Aronne, Former Defense Attorney; Patrick Bonammo, Former Attorney; Morgan J. Dennehy, Assistant District Attorney; Charles Hynes, Kings County District Attorney; David Crow, Appellate Attorney, New York State Legal Aid Society; A. Gail Prudenti,

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appellate Division, Second Department Judge; Howard Miller, Appellate Division, Second Department Judge; Robert Schmidt, Appellate Division, Second Department Judge; Stephen G. Crane, Appellate Division, Second Department Judge; Susan Phillips Read, New York State Court of Appeals Judge; in their individual and official capacity; New York State Legal Aid Society,

     *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANT: | Dino Caroselli, *pro se*, Wallkill, New York. |
| FOR APPELLEES CITY OF NEW YORK, FRIEDMAN, HOLTZMAN, DENNEHY, HYNES: | Michael A. Cardozo, Corporation Counsel of the City of New York (Karen M. Griffin, Appeals Division, *on the memorandum-brief*), New York, New York. |
| FOR APPELLEES STATE OF NEW YORK, LOTT, RIVERA, PRUDENTI, MILLER, SCHMIDT, CRANE, READ: | Andrew M. Cuomo, Attorney General for the State of New York; Barbara D. Underwood, Solicitor General (Benjamin N. Gutman, Deputy Solicitor General, *on the memorandum-brief*), New York, New York. |
| FOR APPELLEES THE NEW YORK STATE LEGAL AID SOCIETY, CROW: | Rosen Livingston & Cholst LLP (Peter I. Livingston and Deborah B. Koplovitz, *on the brief*), New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*). **UPON DUE CONSIDERATION, it is hereby**

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be

**AFFIRMED**.

Appellant Dino Caroselli appeals a judgment of the district court granting the

Defendants-Appellees' motions to dismiss his 42 U.S.C. § 1983 complaint.  He also moves

2

for "reversal of the lower court's order and judgment." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6), construing the complaint liberally, "'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Shomo v. City of New York*, 579 F.3d 176, 182-83 (2d Cir. 2009) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court should consider only those facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference, and matters of which the court may take judicial notice. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

With respect to The New York State Legal Aid Society and David Crow, neither is a state actor amenable to suit under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 187 (2d Cir. 2005). Insofar as Caroselli alleges that Legal Aid was engaged in a conspiracy with state actors, this allegation is wholly conclusory and insufficient to state a plausible conspiracy claim. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *see also Shomo*, 579 F.3d at 183.

With respect to the City of New York, Caroselli has failed to demonstrate the causation necessary for a § 1983 claim against a municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84

3

(1986) (municipal liability attaches only where the deprivation was caused by a policy or custom of the municipality or by a municipal official "responsible for establishing final policy."). With respect to the individually-named prosecutors, the district court determined that the prosecutors were entitled to qualified immunity; we determine that, insofar as Caroselli seeks money damages, those claims are barred by absolute prosecutorial immunity. *See Shmueli v. City of New York,* 424 F.3d 231, 236-37 (2d Cir. 2005) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)); *see also Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861-62 (2009) (prosecutors enjoy absolute immunity for, *inter alia*, activities requiring "legal knowledge and the exercise of related discretion"); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997) ("[A]n appellate court may affirm the judgment of the district court on any ground appearing in the record."). Insofar as Caroselli seeks injunctive relief, the allegations of the complaint reveal no basis for such relief. *See Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987).

With respect to the State of New York, a state is not a "person" amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005). With respect to the state court judges, insofar as Caroselli seeks money damages, such claims are barred by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *accord Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009). Insofar as Caroselli seeks injunctive relief against the state court judges, such relief is statutorily barred. *See* 42 U.S.C. § 1983; *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam).

We have considered all of Caroselli's arguments and conclude that they are without merit.

4

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**
Caroselli's pending motion is **DENIED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk