07-1208-cv
Shomo v. City of New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: April 1, 2009                    Decided:  August 13, 2009)

(Petition for Rehearing Decided: September 2, 2009 )

Amended Opinion

Docket No. 07-1208-cv

_____

_____

JOSE J. SHOMO,

Plaintiff-Appellant,

v.

CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS,
WILLIAM FRASER. ERIC PERRY, WARDEN JOHN DOE, JOHN DOE #5, JOHN DOE #4,
JOHN DOE #2, JANE DOE #3, CAPT. SWARTZ, C.O. LITTLE, ST. BARNABAS HOSPITAL
CORRECTIONAL HEALTH SERVICE, SGT. WRIGHT, DR. SAROJA SINGH, MD, DR.
MARIE FRANCOIS,

Defendants,

DR. JOY MYERS, DR. SHAHID NAWAZ, DR. RAMEEN SEEGOBIN,

Defendants-Appellees.[*]

_____

_____

_____

[*] The Clerk's Office is directed to amend the caption.

1

Before: JACOBS, <u>Chief Judge</u>, and POOLER, <u>Circuit Judge</u>.\*\*

_____

Appeal from the judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>), finding that the continuing violation doctrine applied to a pro se prisoner's Eighth Amendment medical indifference claims, but granting defendants' motions (1) to dismiss those claims against several defendants without leave to amend and (2) for summary judgment on those claims as to three remaining defendants. We hold that the continuing violation doctrine can apply to Eighth Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when the plaintiff shows an ongoing policy of deliberate indifference to his or her serious medical needs and some acts in furtherance of the policy within the relevant statute of limitations period. We also grant Shomo leave to replead his claims against certain defendants. The judgment of the district court is AFFIRMED in part, VACATED and REMANDED in part. This opinion replaces in its entirety our earlier decision in <u>Shomo v. City of New York</u>, -- F.3d --, 2009 WL 2462213, 2009 U.S. App. LEXIS 18001 (Aug. 13, 2009).

Chief Judge Jacobs concurs in a separate opinion.

_____

LEE G. DUNST, Gibson Dunn & Crutcher LLP, New York, NY, for <u>Plaintiff-Appellant</u>.

SUZANNE K. COLT, Assistant Corporation Counsel, (Pamela Seider Dolgow, Assistant Corporation Counsel, <u>on the brief</u>), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for <u>Defendants-Appellees</u>.

_____

\*\* The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. <u>See</u> 28 U.S.C. 46(d); Local Rule 0.14(2); <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

_____

POOLER, <u>Circuit Judge</u>:

Plaintiff-appellant Jose J. Shomo appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, <u>J.</u>), (1) dismissing his pro se Eighth Amendment claims of medical indifference against several named and unnamed defendants without leave to amend; (2) dismissing his Americans with Disabilities Act of 1990 ("ADA") and Rehabilitation Act of 1973 claims against all defendants without leave to amend; and (3) on summary judgment, dismissing his Eighth Amendment claims against three remaining defendants. We hold that the continuing violation doctrine can apply to Eighth Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when the plaintiff shows an ongoing policy of deliberate indifference to his or her serious medical needs and some acts in furtherance of the policy within the relevant statute of limitations period. We affirm in part and vacate in part the district court's dismissal of the Eighth Amendment claims at the pleading stage, and grant Shomo, who was pro se before the district court, leave to amend his Eighth Amendment claims as to certain defendants. The district court's dismissal of the ADA and Rehabilitation Act claims is also vacated for the court to provide Shomo with leave to replead those claims. We decline to revisit the decision of a motions panel of our Court that affirmed the district court's grant of summary judgment on the Eighth Amendment claims against three defendants.[1]

_____

[1] Defendants' petition for rehearing is granted insofar as defendants requested that we amend the opinion. This opinion replaces in its entirety our earlier decision in <u>Shomo v. City of New York</u>, -- F.3d --, 2009 WL 2462213, 2009 U.S. App. LEXIS 18001 (Aug. 13, 2009).

## BACKGROUND

### I. Factual Background

According to the complaint, Shomo was in the custody of the New York City Department of Corrections ("DOC") from September 20, 1999, to January 4, 2001. On September 20, 1999, the day that Shomo entered DOC custody, he was diagnosed with right arm paralysis and limited use of his left arm. Shomo alleges that several doctors ordered that he receive assistance with activities of daily living (ADLs), be transferred to specialized infirmary housing, and receive various treatments. Shomo further alleges that, despite the prior treatment recommendations, DOC medical personnel and security staff repeatedly refused to offer assistance with ADLs, to transfer him to specialized infirmary housing, or to provide the recommended treatments.

### II. Procedural Background

On September 26, 2003, Shomo filed a pro se Section 1983 lawsuit against thirteen named defendants and several unnamed defendants. Shomo brought claims for Eighth Amendment medical indifference, violations of the ADA and Rehabilitation Acts, municipal liability, assault, and destruction of property.

Defendants filed a motion to dismiss Shomo's complaint. While Shomo did not explicitly allege any acts of deliberate indifference within the three-year statute of limitations applicable to Section 1983 claims, the district court held that the continuing violation doctrine applied to Shomo's Eighth Amendment claims. Therefore, the district court dismissed Shomo's deliberate indifference claims as untimely, but granted Shomo leave to replead as to Dr. Myers, Dr. Seegobin, and Dr. Nawaz based upon the continuing violation doctrine. The district court granted the motion with prejudice as to the other named and unnamed defendants, concluding

4

that Shomo failed to state a claim against those defendants. With regard to Shomo's claims under the ADA and the Rehabilitation Act, the district court expressly declined to consider whether those claims were time-barred. Instead, it ruled that "Shomo clearly lacks a cause of action under either statute," and dismissed the claims as to all defendants.

On June 6, 2005, Shomo filed an amended complaint against Dr. Myers, Dr. Seegobin, and Dr. Nawaz, who answered on August 3, 2005. On October 5, 2006, those defendants moved for summary judgment. On January 10, 2007, the district court found that the claims against Dr. Nawaz and Dr. Seegobin were time-barred. The court also found that the claims against Dr. Myers should be dismissed because "no facts in the record" showed deliberate indifference to Shomo's serious medical needs.

On January 22, 2007, Shomo timely appealed. A motions panel appointed counsel to address the district court's partial grant of defendants' motion to dismiss without leave to amend, and to address "any other relevant issues." The motions panel dismissed Shomo's appeal of the district court's summary judgment ruling in favor of Dr. Myers, Dr. Seegobin, and Dr. Nawaz. Shomo filed a motion for reconsideration, arguing that the district court denied or discouraged him from obtaining discovery and, therefore, prevented him from adequately opposing defendants' motion for summary judgment. The motions panel also denied the motion for reconsideration.

In his counseled brief on appeal, Shomo argues that (1) the district court erred in failing to provide a pro se litigant with the opportunity to amend his complaint; (2) the district court improperly dismissed the ADA and Rehabilitation Act claims; and (3) the district court's discovery orders prevented Shomo from obtaining information necessary to meaningfully

5

oppose summary judgment.  With respect to the last argument, Shomo claims as he must that the motions panel's dismissal of the appeal of the summary judgment order should be revisited.

**DISCUSSION**

I.       **Eighth Amendment Medical Indifference Claims**

A.       **The Statute of Limitations and Continuing Violation Doctrine**

The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law.  See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).  A Section 1983 claim ordinarily "accrues when the plaintiff knows or has reason to know of the harm."  Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (quotation marks omitted).  The continuing violation doctrine is an "exception to the normal knew-or-should-have-known accrual date."  Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999).  When the plaintiff brings a Section 1983 claim challenging a discriminatory policy, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it."  Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994) (quotation marks omitted); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-17 (2002) (stating the same of hostile work environment claims under Title VII).  To trigger the continuing violation doctrine when challenging discrimination, the plaintiff "must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy."  Harris, 186 F.3d at 250.

We have not before explicitly held that the continuing violation doctrine can delay accrual of an Eighth Amendment claim alleging a policy of deliberate indifference to serious medical needs.  Cf. Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) (finding that a prisoner's Eighth

6

Amendment claims were untimely, among other reasons, because the complaint "alleged no facts indicating a continuous or ongoing violation of his constitutional rights"). Shomo's complaint presents the question of whether the continuing violation doctrine is applicable to such claims. Shomo's complaint was filed on September 26, 2003, and did not allege any specific acts of deliberate indifference occurring after September 26, 2000. The district court observed that Shomo's Eighth Amendment claims would be time-barred unless the continuing violation doctrine were applicable, and held that it was.

In Morgan, the United States Supreme Court held that a hostile work environment claim under Title VII is timely, and can challenge acts occurring outside the statute of limitations period, as long as "any act that is part of the hostile work environment" occurs within the statutory time period. 536 U.S. at 118. The Court applied the continuing violation doctrine because a hostile work environment claim challenges "repeated conduct" that "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. at 115. Thus, under Morgan, the continuing violation doctrine can be applied when the plaintiff's claim seeks redress for injuries resulting from "a series of separate acts that collectively constitute one 'unlawful [act],'" but the doctrine cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act. Id. at 117; see also Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004).

The Seventh Circuit in Heard v. Sheahan considered whether the continuing violation doctrine applied to a prisoner's Eighth Amendment claim that prison officials delayed giving him medical attention despite his hernia and disregarded the recommendation of doctors that he undergo surgery. 253 F.3d 316, 317-20 (7th Cir. 2001). The Seventh Circuit held that the

7

continuing violation doctrine applied because the prisoner's claim related to a "continuous series of events giv[ing] rise to a cumulative injury." Id. at 320. This conclusion is consistent with Morgan's application of the continuing violation doctrine to a series of predicate acts forming the basis for a single claim. See Morgan, 536 U.S. at 117-18; see also Heard, 253 F.3d at 319-20 (noting that courts "don't want the plaintiff to sue before the violation is complete," or to bring separate lawsuits when a series of acts reasonably should be challenged as part of one claim).

We agree that the continuing violation doctrine can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs. That the continuing violation doctrine can apply, however, does not mean it must. To assert a continuing violation for statute of limitations purposes, the plaintiff must "allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy." See Harris, 186 F.3d at 250. This test screens out Eighth Amendment claims that challenge discrete acts of unconstitutional conduct or that fail to allege acts within the relevant statutory period that are traceable to a policy of deliberate indifference.

The district court properly used this test in determining the applicability of the continuing violation doctrine to Shomo's Eighth Amendment claims. The district court found that Shomo "sufficiently alleged the existence of an ongoing policy of denying him medical treatment." The policy cannot be construed as an outright denial of access to care because Shomo was frequently seen by doctors and brought to hospitals. Rather, Shomo's complaint alleges a policy of doctors and prison staff disregarding treatment recommendations. See Johnson v. Wright, 412 F.3d 398, 404 (2d Cir. 2005) ("[A] deliberate indifference claim can lie where prison officials deliberately

8

ignore the medical recommendations of a prisoner's treating physicians."). The complaint suggests a pattern where DOC medical personnel and security staff, despite prior treatment recommendations, refused to assist Shomo with ADLs, to transfer him to specialized infirmary housing, or to provide recommended treatments.

The district court next found that Shomo did not allege any specific acts of deliberate indifference within the three-year period prior to the filing of the complaint, i.e., after September 26, 2000. Nonetheless, the district court granted Shomo leave to amend on the ground that he might be able to allege acts occurring after September 26, 2000, by at least some of the defendants, which would bring the otherwise untimely acts within the scope of the continuing violation doctrine. The district court's decision to grant leave to amend is consistent with the liberal pleading standard for pro se litigants. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

**B.      Adequacy of the Pleadings and Leave to Amend**

Although the district court found that Shomo was entitled to amend his complaint in order to state timely Eighth Amendment claims based on the continuing violation doctrine, it nonetheless dismissed those claims against several defendants, with prejudice, for failure to state a claim upon which relief can be granted. We review de novo a district court's grant of a motion to dismiss, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] pro

9

se complaint is to be read liberally," and "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez, 171 F.3d at 795 (quotation marks and alterations omitted). Here, the district court properly dismissed Shomo's claims with prejudice as to certain defendants, but should have granted leave to amend as to other defendants.

### 1. Captain Swartz and Corrections Officer Little

The complaint alleged that Corrections Officer Little injured Shomo by grabbing and pulling him against the bars of a jail cell on March 11, 2000. The district court properly characterized the facts as alleging an assault that "cannot be construed as part of a deliberate medical indifference claim," and to which the continuing violation doctrine would not apply.[2] Because the alleged assault occurred more than three years before filing of the complaint, the assault claim is time-barred and was properly dismissed with prejudice.

The complaint also alleged a single incident on September 7, 1999, in which Captain Swartz handcuffed Shomo to another prisoner, contrary to an order that Shomo be handcuffed at the waist with a belt, resulting in Shomo's injuring his left arm. The continuing violation doctrine does not apply to the claim against Swartz because there is no indication that Shomo is able to allege acts involving Swartz that fall within the three-year statutory period. The claim against Swartz relating to the September 7, 1999 incident was properly dismissed as untimely. However, because the handcuffing is alleged to have been in contravention of medical orders, the Swartz incident may still be relevant to any claim against the City.

---

[2] The district court also properly determined that the continuing violation doctrine did not apply to Shomo's destruction of property claim, and that the claim was therefore time-barred.

10

## 2. Dr. Francois, Dr. Singh, and P.A. Wright

Dr. Francois was alleged to have denied Shomo's request for a second opinion after an October 13, 1999, medical examination that concluded Shomo had "no indication for treatment of any kind" and "may do ADLs." The only reasonable inference from these allegations is that Dr. Francois was following a previous recommendation contained in the October 13, 1999, examination report. Because the denial of Shomo's request for a second opinion does not fall within a policy of disregarding medical recommendations, the continuing violation doctrine does not apply to the claim against Dr. Francois, the claim is time-barred, and it was properly dismissed without leave to amend.

Dr. Singh was alleged to have provided Shomo with care on a few occasions. Although the complaint alleges that on one occasion Dr. Singh refused to perform a physical examination or to refer Shomo for a second opinion, Dr. Singh inquired about Shomo's ailments and prescribed medication. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). Even assuming these facts could make out a claim of deliberate indifference, the claim against Dr. Singh is time-barred. There is no allegation that Dr. Singh ignored a medical recommendation nor any indication that Shomo had further contact with Dr. Singh after September 26, 2000. Accordingly, the claim was properly dismissed with prejudice.

The complaint names Physician Assistant Wright, but alleges no wrongful conduct. Absent any allegations of wrongful acts that could relate to conduct within the statutory time period, Shomo's claim against Physician Assistant Wright was also properly dismissed without

11

leave to amend.

**3.    Commissioner Fraser, Deputy Commissioner Perry, and Unnamed Supervisors**

Shomo named DOC Commissioner William J. Fraser, DOC Deputy Commissioner Eric Perry, and several unnamed supervisors as defendants in the complaint. The only allegation pertaining to these defendants is that Shomo filed complaints with Commissioner Fraser and Deputy Commissioner Perry's offices. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (quotation marks omitted). Given Shomo's failure to allege the supervisors' personal involvement in the alleged Eighth Amendment violations, the district court properly ruled that Shomo failed to state valid claims against the supervisors.

Even so, we conclude that Shomo should be granted leave to replead against these defendants. The district court determined that Shomo's complaint was inadequate because there were no allegations "that Fraser and Perry were aware of the violations," that grievances sent to the supervisors notified them of constitutional violations, or that the supervisors acted or failed to act in a way that caused any constitutional violations. It is possible that Shomo could remedy the inadequacies identified by the district court. Because we cannot "'rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim,'" Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez, 171 F.3d at 795), we remand for Shomo to replead his claims against the named and unnamed supervisors.

**4.    The City of New York and St. Barnabas Hospital**

12

To ultimately prevail on his municipal liability claim against the City, Shomo must establish that violations of his constitutional rights were precipitated by a municipal policy or custom. Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995). As stated above, Shomo's complaint is replete with allegations of medical and security staff repeatedly refusing to provide treatment in accordance with medical recommendations. The district court found that "Shomo fail[ed] to identify any municipal or DOC policy or custom that caused his injuries." In the district court's view, Shomo could not assert a municipal policy where he "was seen by many doctors and received numerous medical tests."

However, the policy alleged by Shomo is one of regularly disregarding medical recommendations concerning proper treatment. That Shomo was frequently seen by doctors who administered tests does not establish the absence of the aforesaid policy. To satisfy application of the continuing violation doctrine, Shomo will need to allege the persistence of the municipal policy and non-time-barred acts indicating the acquiescence of policy-making officials in subordinates' misconduct. Shomo points to a number of medical recommendations that purportedly were made after September 26, 2000, including requests that Shomo be transferred to specialized housing and receive a neurological evaluation, and a notation on one of his medical records stating "please help ADLs." Shomo could support application of the continuing violation doctrine with allegations that policy-making officials were aware that medical recommendations were deliberately ignored. Where the complaint already contains allegations of disregarded medical recommendations from before the statutory time period, it is possible that Shomo will be able to adequately set forth similar allegations as to recommendations made after September 26, 2000.

13

Accordingly, we remand for Shomo to replead his municipal liability claim against the City. Because Shomo's complaint can be read to allege that St. Barnabas Hospital had a similar policy as a medical provider on behalf of DOC and it is possible that Shomo can allege non-time-barred acts in furtherance of the policy, we also remand for Shomo to replead his Section 1983 claim against St. Barnabas Hospital.[3]

## II.     ADA and Rehabilitation Act Claims

The district court dismissed Shomo's claims under the ADA and Rehabilitation Act with prejudice, stating only that "Shomo clearly lacks a cause of action under either statute." Construed liberally, however, Shomo set forth facts that suggest he could have viable claims under the ADA and the Rehabilitation Act. To state a claim under Title II of the ADA, the plaintiff must allege "that (1) [he or she is a] qualified individual[] with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff[] w[as] denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or w[as] otherwise discriminated against by defendants, by reason of plaintiff['s] disabilities." Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003) (quotation marks omitted); see also id. (noting that the standard for Rehabilitation Act claims is generally the same as for ADA claims, with the additional requirement that defendants must receive federal funding). Shomo alleged that he was

---

[3] To state a claim against St. Barnabas Hospital, Shomo will need to adequately allege facts to show that St. Barnabas Hospital acted under color of state law. See Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (quotation marks omitted)); see also Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255, 257-58 (2d Cir. 2008) (per curiam) (explaining the circumstances when the actions of a private actor "are attributable to the state," and can be considered state action for Section 1983 purposes).

14

disabled based on the physical limitations in the use of his arms, and that defendants denied him access to infirmary-style housing and other prison services on the basis of his disability, in violation of the ADA and the Rehabilitation Act. These allegations, while pleaded in a disorganized fashion, are sufficient to at least provide Shomo with an opportunity to amend. See Cruz, 202 F.3d at 596-98.

Although the district court applied the continuing violation doctrine to the Eighth Amendment claims, it did not address whether the continuing violation doctrine applied to Shomo's disability discrimination claims. In its current form, Shomo's complaint lacks sufficient structure and detail in its pleading of the ADA and Rehabilitation Act claims for us to consider this question. We therefore remand for Shomo to amend his ADA and Rehabilitation Act claims. We leave it for the district court in the first instance to evaluate the sufficiency of the pleadings, and to consider the question of whether the continuing violation doctrine applies to those claims.

### III. The Motions Panel's Dismissal of the Appeal of the Summary Judgment Ruling

Shomo argues that this Court's prior dismissal of the appeal of the summary judgment ruling should be vacated because the district court's discovery rulings prevented Shomo from obtaining evidence to oppose defendants' motion for summary judgment. Although the law of the case doctrine provides that an appellate court's decision "should generally be adhered to by that court in subsequent stages in the same case," United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (quotation marks omitted), it "does not deprive an appellate court of discretion to reconsider its own prior rulings." Rezzonico v. H & R Block, Inc., 182 F.3d 144, 149 (2d Cir. 1999). However, we will not revisit our prior rulings "absent 'cogent' or 'compelling' reasons."

15

Id. (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

A motions panel of this Court rejected Shomo's appeal of the summary judgment ruling and affirmed the district court. The motions panel had Shomo's discovery-related argument before it on the motion for reconsideration, and denied that motion. Because Shomo has not adequately shown that the district court prevented him from taking discovery, we decline to revisit the motions panel's decisions. See Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 251 (2d Cir. 2008) (declining to revisit a claim dismissed by a motions panel in the absence of a sufficient showing that the claim had potential merit).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this opinion.

DENNIS JACOBS, Chief Judge, concurring:

I join the Court's decision in all respects, and I agree that (as a matter of first impression) it is appropriate to apply the continuing violation doctrine in the context of deliberate medical indifference. I also agree that under our indulgent precedents, Shomo is entitled to replead those claims identified in the Court's decision. I write separately to emphasize that Shomo's claims would be deemed frivolous and suitable for dismissal under any standard but the one we apply to pro se litigants.

The crux of Shomo's complaint is that New York City and Department of Corrections personnel violated his constitutional rights by denying him assistance with "activities of daily living," (Compl. ¶ 33), notwithstanding that he has "no use of either hand," (id. ¶ 114). But Shomo was convicted by a jury of murder in the second degree-- through use of a firearm--and criminal possession of a weapon. See People v. Shomo, 303 A.D.2d 320, 757 N.Y.S.2d 272 (1st Dep't 2003). Shomo's inability to use his hands was floated to the jury as a defense, and rejected. See id. While I am not suggesting that murder by firearm is an "activity of daily living," I would draw the inference that a person able to shoot someone to death has sufficient use of his hands to get by.

17

In granting summary judgment as to Dr. Myers, the district court concluded that Shomo's alleged paralysis is not supported by the medical evidence.  Even if Shomo pleads such facts as this Court deems sufficient to state a claim with respect to the remaining defendants, nothing in the Court's opinion precludes a searching examination of the evidence at summary judgment, before jurors are empaneled to devote their days to resolution of Shomo's claims.