09-3839-cv
Michaelesco v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand ten.**

Present:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――

ORTANSA MICHAELESCO,

> *Plaintiff-Appellant,*

> v.                                                                 No. 09-3839-cv

UNITED STATES OF AMERICA,

> *Defendant-Appellee,*

RICHARD S. HOEY I/O INTERNAL REVENUE OFCR,

> *Defendant.*

―――――――――――――――――――――――――――――

FOR APPELLANT:           Ortansa Michaelesco, *pro se*, Fairfield, CT.

FOR APPELLEE:            John A. DiCicco, Acting Assistant Attorney General; Michael J.
                        Haungs and Kathleen E. Lyon, Attorneys, Tax Division, Department
                        of Justice, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*.)

      **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

      Plaintiff Ortansa Michaelesco, *pro se*, appeals from the August 11, 2009 judgment of the District Court granting the motion of the United States filed under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss her complaint and denying plaintiff's motions to amend her complaint and to transfer venue. On appeal, plaintiff argues that (1) Officer Richard F. Hoey of the Internal Revenue Service ("IRS") should be reinstated as a named defendant; (2) the collection actions were not authorized by court orders; (3) the District Court erred in concluding that it lacked jurisdiction to consider certain matters that arose from bankruptcy proceedings; (4) the District Court erred in concluding that *res judicata* applies to her claims because she raised them before the bankruptcy court; (5) the IRS violated an automatic stay put in place by the bankruptcy court; (6) the District Court erred in concluding that plaintiff's emotional distress claims arising from IRS collection activities were barred by the Federal Tort Claims Act; (7) the District Court erred by denying her motion to amend her complaint; (8) the District Court's dismissal of her complaint deprived her of her constitutional rights; (9) the District Court erred in dismissing her complaint because she was proceeding *pro se*; and (10) the District Court erred in denying her motion to transfer venue. We assume the parties' familiarity with the underlying facts and procedural history of this case.

      We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1) and (6), construing the complaint liberally, "'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). We review a district court's denial of a motion for leave to amend and a motion to transfer venue for abuse of discretion. *See Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir. 1995) (motion for leave to amend complaint); *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (motion to transfer venue).

      After an exhaustive review of the record, we find that the District Court properly dismissed Michaelesco's complaint for substantially the same reasons stated in the August 10, 2009 order of the District Court. We also conclude that the District Court did not abuse its discretion by denying

plaintiff's motions for leave to amend her complaint and to transfer venue.

## CONCLUSION

We have reviewed all of Michaelesco's arguments and find them to be without merit. For the foregoing reasons, the August 11, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3