09-0729-cv(L), 09-3241-cv(Con)
*Guadagni v. New York City Transit Authority*,

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand ten.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

---

LOUIS GUADAGNI,
> *Plaintiff-Appellant*,

-v.-                                                          Nos. 09-0729-cv(L), 09-3241-cv(Con)

NEW YORK CITY TRANSIT AUTHORITY
and LOUIS DELVALLE,
> *Defendants-Appellees*.*

---

> GERARD A. LUCCIOLA (Paul A. Marber, *on the brief*), The Cochran Firm, New York, NY, *for Plaintiff-Appellant*.

> RICHARD SCHOOLMAN (Gena Usenheimer, *on the brief*), Office of the General Counsel, New York City Transit Authority, Brooklyn, NY, *for Defendants-Appellees*.

---

*The Clerk of the Court is directed to amend the official caption in this case to conform to the listing of the parties stated above.

Appeal from judgments of January 28, 2009, and June 30, 2009, of the United States District Court for the Eastern District of New York (Sifton, *J.*). UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Louis Guadagni appeals from judgments of January 28, 2009, and June 30, 2009, of the United States District Court for the Eastern District of New York (Sifton, *J.*), dismissing his complaint and amended complaint. Guadagni argues that the district court improperly dismissed his federal 42 U.S.C. § 1983 claims for false imprisonment and malicious prosecution, that it erred in considering information presented in the reply papers of defendants, and that it erred in finding his state claims barred by his failure to appear for a statutorily required hearing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

This Court reviews a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*, construing the complaint liberally and "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)) (internal quotation marks omitted). Nonetheless, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making such an evaluation, the district court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

Guadagni contends that in their replies to his opposition memoranda, the defendants improperly submitted facts, case citations, and arguments that were not present in their original motions to dismiss. We reject this argument. Naturally, a reply on a motion will contain new case citations; otherwise it would be entirely repetitious of the original motion. We have held, moreover, that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991)) (internal quotation marks omitted). Although Guadagni states that he was not permitted to respond to the new material in the reply papers, there is no evidence that he moved the district court for leave to file a sur-reply on any of these issues. *See id.* at 227. In fact, he was explicitly offered the opportunity of a sur-reply at least with respect to the discussion of *Murray v. United Parcel Service, Inc.*, 614 F. Supp. 2d 437 (S.D.N.Y. 2009), which he declined.

Our independent review of the record confirms that the district court properly granted the defendants' motions to dismiss the complaints, and we affirm for substantially the reasons set out in the district court's extensive and well-reasoned opinions of January 27, 2009, and June 29, 2009. We note additionally that we read the district court to have dismissed Guadagni's state law claims without prejudice, a disposition that we affirm.

All arguments not otherwise discussed in this summary order are found to be moot or without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3