10-1678-pr
McMahon v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
            JON O. NEWMAN,
            GERARD E. LYNCH,
                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
Michael McMahon,
        Plaintiff-Appellant,

        -v.-                                    10-1678-pr

Brian Fischer, et al.,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Michael McMahon, pro se,
                            Stormville, NY.

FOR APPELLEES:              Oren L. Zeve, Managing-
                            Administrative Assistant
                            Solicitor General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Appellant Michael McMahon, <u>pro se</u>, appeals the District Court's <u>sua sponte</u> dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

In a nutshell, McMahon complains that he was kept in a double-bunk cell for 63 days at one prison facility, and then transferred to another facility at which he continued to be double-bunked, notwithstanding 7 New York Code of Rules & Regulations § 1701.7, which limits such accommodation to 60 days absent the inmate's consent, and a Directive of the Department of Corrections to the same effect.

---

[1] The named Defendants-Appellees were not served below and have indicated that, as a result, a brief will not be filed in this appeal.

2

We review de novo a district court's dismissal of a complaint pursuant to Section 1915(e)(2). See Giano v. Goord, 250 F.3d 146, 150 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). We construe pro se complaints liberally. See Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).

[1] The District Court's dismissal of Appellant's First Amendment retaliation claim, which alleged that the transfer was on account of his protest of continued double-bunking, is affirmed for substantially the same reasons as those articulated by the District Court in its March 22, 2010 order.

[2] We likewise affirm the dismissal of McMahon's claim that double-bunking is unconstitutional. Double-bunking is not unconstitutional per se, see Rhodes v. Chapman, 452 U.S. 337, 347-50 (1981), and McMahon's claim is not premised on some consequence or ramification of double-bunking that

3

might amount to the deprivation of a constitutional right. See, e.g., id. (observing that the double-bunking in that case "did not lead to deprivations of essential food, medical care, or sanitation," and did not "increase violence among inmates or create other conditions intolerable for prison confinement").

**[3]** As to the dismissal of McMahon's procedural due process claim, he had to show (1) the existence of a constitutionally protected liberty or property interest and (2) an entitlement to process before being deprived of that interest. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001).

"A liberty interest may arise from the Constitution itself . . . or . . . from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (internal citations omitted); see also Sandin v. Conner, 515 U.S. 472, 479-81 (1995). In order to demonstrate a state-created liberty interest, a prisoner must show that "'state statutes or regulations require, in language of an unmistakably mandatory character, that a prisoner may not suffer a particular deprivation absent specified predicates.'" Burgos Vega v. Lantz, 596 F.3d 77, 83 (2d Cir. 2010) (quoting Welch v. Bartlett, 196

4

F.3d 389, 392 (2d Cir. 1999)).  The Regulation on which McMahon relies provides, _inter alia_, that

> [n]o inmate shall be confined in a double-cell for a period of more than 60 days unless such inmate volunteers to remain in the double-cell for a longer period of time.  At the expiration of the 60 days, if an inmate does not volunteer to remain in a double-cell, the inmate shall be moved to a single-cell or multiple occupancy housing at either his current facility or a new facility.

7 N.Y.C.R.R. § 1701.7(d).  However, that Regulation, along with the Directive on which McMahon relies, implements N.Y. Correct. L. § 137(4) (McKinney 2011), which provides that each inmate be given sleeping accommodations in a separate cell "[w]henever there shall be a sufficient number of cells . . . ."

Even if we were to assume _arguendo_ that these texts are "unmistakably mandatory [in] character," McMahon could not win because he fails to show that double-bunking "subject[s] the prisoner to 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" _Burgos Vega_, 596 F.3d at 83 (quoting _Sandin_, 515 U.S. at 484) (omission in original)).  Nor can McMahon state a procedural due process claim based on the transfer from one prison to

5

another.  A prisoner has no right to housing in a particular facility and no right to process regarding a transfer to another facility under these circumstances.  See Matiyn v. Henderson, 841 F.2d 31, 34 (2d Cir. 1988).

We have considered all of McMahon's additional arguments and find them to be without merit.  Accordingly, the judgment of the District Court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk