Shaw v. NY Dept. of Correctional Serv., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> PETER W. HALL,
>      Circuit Judges.
> PAUL G. GARDEPHE,[*]
>      District Judge.

_____

RICHARD SHAW,

>      Plaintiff-Appellant,

>           v.                                    10-3030-pr

THE NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, BRIAN FISHER, Commissioner; KAREN BELLAMY, Director of Inmate Grievance Program; ROBERT ERCOLE, Superintendent of Green Haven Correctional Facility; and T. ELLERT, Academic Educational Supervisor,

>      Defendants-Appellees.

_____

_____

[*]  The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**      Veronica Vela, The Legal Aid Society, Prisoners' Right Project, New York, N.Y.

**FOR APPELLEES:**      Sudarsana Srinivasan, Assistant Solicitor General, Office of the N.Y. State Attorney General, New York, N.Y.

UPON DUE CONSIDERATION, it is hereby ordered that the order of the District Court is VACATED, and the case is REMANDED with directions to stay further Court proceedings pending further administrative proceedings.

Plaintiff-Appellant Richard Shaw, incarcerated at the Green Haven Correctional Facility, appeals an order dismissing his complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Shaw's complaint against the Defendants-Appellees prison officials alleged violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, among others.  He contended that the Defendants failed to make reasonable accommodation for him in his effort to obtain a GED certificate, which he alleged was rendered difficult because of his dyslexia.

We assume the parties' familiarity with the facts and the procedural aspects of this case.

Shaw first sought assistance for his learning disability from the prison medical staff.  Notes made by Dr. Bendheim on an "ambulatory health record" indicate that Shaw "want[ed] resolution of his desire to establish the existence of

-2-

dyslexia in himself. . . . His teacher and counselor have told him that they do not have a test for dyslexia and furthermore that they have no accommodations learning program for students who are dyslexic." However, according to the document, Dr. Bendheim was not able to assist Shaw due to the doctor's lack of training in the area of dyslexia.

Shaw next sought help from the prison's educational supervisor, Frank Meeuwisse. In response to Shaw's "several requests," Meeuwisse wrote to Shaw, informing him: "Green Haven does not have a qualified person to test dyslexia. . . . There is <u>no</u> special help available, nor has there ever been at [Green Haven]." (double underlining in original)

Shaw filed a formal complaint with the Grievance Committee regarding his "prolong[ed] learning disability." According to Shaw's grievance complaint, because his learning disability had "a direct effect [on his] earning his GED," he sought "policy and procedures allowing those with dyslexia a beneficiary [*sic*] earning a (GED)," and "accommodating all inmates with learning disabilities." An investigation was apparently conducted by the Inmate Grievance Review Committee. The result was a "split" decision, with "two reps recommend[ing] that [the] educational supervisor and applicant[']s teacher's refusal to make a referral for special education testing and applicant[']s request for dyslexia

-3-

testing has hindered applicant from educating himself further." The Central Office Review Committee denied Shaw's requested action.

Shaw filed suit *pro se* in the District Court, raising claims under the ADA, the Rehabilitation Act, the Individuals with Disabilities Education Act, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983, seeking a declaratory judgment, injunctive relief, and monetary damages. His complaint specifically alleged, among other things, the prison officials' refusal "to accommodate Plaintiff who suffer[s] from dyslexia." The complaint most frequently described the accommodation sought as a "special education program" for disabled prisoners. However, the complaint also identified various other means of accommodating his condition, including "teachers[] certified or licensed to teach students with disabilities," and "an expert best qualified to make a diagnos[is] of dyslexia."

The District Court granted the Defendants' motion to dismiss. The District Court read Shaw's complaint as requesting not reasonable accommodation within the existing educational program but "an additional or different substantive educational program tailored to inmates with dyslexia."

This Court reviews *de novo* a district court's decision to

grant a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). A *pro se* complaint should generally "be read liberally" and should not be dismissed if there is "any indication that a valid claim might be stated." *Id.*

Under the ADA and the Rehabilitation Act, a demand for "reasonable accommodations to assure access to an existing program" is cognizable, but a demand for "additional or different substantive benefits" is not. *Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000). The District Court characterized Shaw's claims as requesting substantially different educational services from those already offered at the prison. The lack of clarity of the *pro se* complaint undoubtedly led the Court to this understanding. However, the complaint referred to failure to "accommodate," and counsel on appeal has elaborated that contention by listing a number of possible accommodations, including oral examinations, recorded lectures, and providing Plaintiff lecture notes. Other possibilities that might be especially suitable for a person afflicted with dyslexia are additional time for test-taking and allowing the student to dictate answers to essay questions. Generously read, the complaint was sufficient to survive a motion to dismiss. *See Fulton v. Goord*, 591 F.3d 37, 44 (2d Cir. 2009); *Henrietta D. v. Bloomberg*, 331 F.3d 261,

-5-

276-77 (2d Cir. 2003) ("[T]he demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient to sustain a claim for a reasonable accommodation.").

The Defendants-Appellees contend that, even if the complaint could fairly be read to request reasonable accommodation, Shaw has not exhausted his administrative remedies with regard to that request. We disagree. Shaw's formal grievance complaint sought "accommodati[on]" in the educational program, and he provided prison officials with a sufficient opportunity to understand and remedy his grievance.

At oral argument, we were advised that within the grievance review procedure there are two offices with authority to consider a grievance such as Shaw's and that, through no fault of Shaw's, the matter was considered by only one of them. Oral argument further developed the desirability of affording the other office an opportunity to consider Shaw's grievance and determine whether some accommodation can reasonably be made.

Accordingly, we will vacate the District Court's order and remand the case with directions to stay further court proceedings until Shaw's request for accommodation has been more fully reviewed within the prison grievance system. *See*

-6-

*WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). If the matter is not resolved administratively within 120 days, Shaw may return to the District Court to pursue his claim, at which time the District Court might wish to consider affording him the opportunity to amend his complaint. We will expect counsel for the Defendants–Appellants to render assistance in assuring that Shaw's grievance is promptly considered by the appropriate prison officials.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk