13-4604-pr
Davis v. Florence

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of April, two thousand fifteen.

PRESENT:  DENNIS JACOBS,
               RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
               GARY L. SHARPE,
                  *Chief District Judge.*[*]

------------------------------------------------------------------

SAMUEL DAVIS,

                   *Plaintiff-Appellant*,

           v.                      No. 13-4604-pr

FLORENCE, SERGEANT (NURSE), GENEVIENE SWITZ, (P.A), WLADYSLAW SIDOROWICZ, (DOCTOR), JAMES WALSR, (SUPERINTENDENT), PATRICK GRIPPIN, (DEPT OF SECURITY), NORMAN BEZIO,

---

[*] The Honorable Gary L. Sharpe, Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

(DIRECTOR OF SPECIAL HOUSING), BRIAN FISCHER, (COMMISIONER), BELINDA MCKENNY, (I.R.C.), KAREN BELLAMY, (DIRECTOR OF GRIEVANCE), M. LAKE, (COUNSELOR), PAUL MACE, (SERGEANT), D. LONG, JOSEPH MAXWELL, (LIEUTENANT), OFFICER ARMSTRONG, MICHAEL MAKOWSKI, (OFFICER), E. PUERSCHNER, (OFFICER),

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT: SAMANTHA FASANELLO, ROBERT WARD (Jonathan Romberg, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, NJ.

MILTON ZELERMYER (Seymour W. James, Jr., John Boston, *on the brief*), The Legal Aid Society, New York, NY.

FOR APPELLEES: DAVID LAWRENCE III (Barbara D. Underwood, Michael S. Belohlavek, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART and the case is REMANDED for further proceedings consistent with this order.

Samuel Davis appeals from the District Court's grant of summary judgment dismissing his claims under 42 U.S.C. § 1983, as well as pendent state

law claims, against various employees and officials at Sullivan Correctional Facility ("Sullivan"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.

To make out a claim of retaliation under the First Amendment, an inmate must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [inmate], and (3) that there was a causal connection between the protected [conduct] and the adverse action." Holland v. Goord, 758 F.3d 215, 225 (2d Cir. 2014) (second alteration in original) (quotation marks omitted).

Davis's first retaliation claim is that the defendants placed him in Sullivan's Special Housing Unit ("SHU") and subjected him to strip frisks for filing numerous grievances against them. A motions panel of this Court previously dismissed the appeal of this claim as lacking any arguable basis in law or fact. There is no compelling reason to revisit that prior ruling. See Shomo v. City of New York, 579 F.3d 176, 186 (2d Cir. 2009) (declining to revisit a prior ruling by a motions panel affirming a grant of summary judgment "absent cogent or compelling reasons" (quotation marks omitted)).

Second, Davis claims that a physician's assistant at Sullivan retaliated against him for filing a grievance against her by refusing to provide Davis more aspirin and instructing Davis's nurse to do the same. Even if the temporary discontinuation of aspirin were deemed an "adverse action," there is no evidence from which a factfinder could reasonably draw a "causal connection between the protected [conduct] and the adverse action." Holland, 758 F.3d at 225 (alteration in original) (quotation marks omitted). In the context of prisoner retaliation claims, we have required evidence beyond temporal proximity between the

3

protected activity and the adverse action before allowing a prisoner to proceed to trial on such a claim. See Colon v. Coughlin, 58 F.3d 865, 872-73 (2d Cir. 1995). Here temporal proximity "represented the sum total" of Davis's proof, id. at 873 – he has produced no other evidence establishing a causal connection. We therefore affirm the dismissal of the second retaliation claim.

Davis's claim of deliberate indifference in violation of the Eighth Amendment was also properly dismissed. To prevail on such a claim based on prison medical care, an inmate must demonstrate that prison officials "acted with deliberate indifference to [his] serious medical needs." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (quotation marks omitted). Assuming without deciding that Davis demonstrated a "serious medical need," we agree that he failed to show deliberate indifference to those needs. To the contrary, the evidence shows that prison staff were attentive to Davis's health issues and that Davis often rejected medical treatment and failed to follow the physical therapy regimen prescribed for him.

We also affirm the dismissal of Davis's Fourth Amendment claim. "[A] regulation impinging on an inmate's constitutional rights must be upheld if it is reasonably related to legitimate penological interests." Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1515 (2012) (quotation marks omitted). On this record, the defendants showed that their practice of having a supervisory officer present during strip frisks and recording strip frisks via wall-mounted video camera is reasonably related to the legitimate interests in both inmate and staff security at Sullivan. On appeal, Davis mounts a facial challenge and argues that the performance of strip frisks upon admission to the SHU and absent individualized reasonable suspicion that an inmate is concealing contraband violates the Fourth Amendment. Because this argument presents constitutional

4

issues, we have searched the record to assure that it was properly preserved below. We conclude that Davis forfeited this argument because his complaint and his arguments at the summary judgment stage (even when construed liberally) challenged only the presence of supervisory officers and the video recording of strip frisks, not the strip frisks themselves.

In granting summary judgment, the District Court neglected to address Davis's pendent state law claims and due process claim relating to his administrative segregation reviews. Accordingly, we vacate the judgment of the District Court with respect to those claims for the District Court on remand to consider them in the first instance. See Bano v. Union Carbide Corp., 273 F.3d 120, 132-33 (2d Cir. 2001).

We have considered Davis's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court