Chen v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fifteen.

PRESENT:
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

———————————————————————

**Ed Chen,**

> *Plaintiff-Appellant*,

> v.                                                    **15-695**

**City of New York,**

> *Defendant-Appellee.*

———————————————————————

**FOR PLAINTIFF -APPELLANT:**          Ed Chen, *pro se*, Township of Washington, New Jersey.

**FOR DEFENDANT-APPELLEE:**          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ed Chen, proceeding *pro se*, appeals the district court's judgment dismissing without leave to amend his 42 U.S.C. § 1983 complaint against the City of New York. Chen alleged that the City retaliated against him for his political activity by causing Columbia University to take several adverse actions against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's *sua sponte* dismissal *de novo*. *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). A complaint must plead "enough facts to state a claim to relief that is plausible on its face*,*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A municipality is liable under § 1983 only if its policy or custom caused the deprivation of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court did not err when it dismissed Chen's complaint because the complaint did not plausibly allege that a City policy or custom resulted in his dismissal from Columbia. A district court generally should not dismiss a *pro se* complaint without first granting leave to amend. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, leave was properly denied here because amendment would be futile. Considering all of the allegations in Chen's complaint and his brief, we determine that he has not stated a claim against the City. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (reasoning leave to replead would be futile because the

2

complaint did not "suggest[] that the plaintiff has a claim that []he has inadequately or inartfully pleaded").

Chen argues that he should be granted leave to amend to name individual Columbia officials who he alleges acted at the direction of the City. This argument lacks merit. Columbia employees are not subject to suit under § 1983 because they are not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). And Chen has not plausibly alleged that any Columbia official conspired with a state actor. To state a § 1983 conspiracy claim, the plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Chen's allegations that a professor and dean met with City officials and that the dean later received a political appointment in City government do not state a plausible conspiracy claim. *See Iqbal*, 556 U.S. at 679 (reasoning that complaint does not state a claim if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

Finally, Chen's allegation that the District Attorney failed to prosecute a law firm that forged Chen's signature does not state a claim. He does not have a constitutional right to the prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

We have considered all of Chen's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3