10-2238-cv
Toran v. City of Binghamton

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

Verties D. Toran,

*Plaintiff-Appellant*,

-v.-                                          10-2238-cv

City of Binghamton, Mayor Matthew Ryan, in official capacity, Joseph Yanuzzi, Water Superintendant, in official capacity,

*Defendants-Appellees.*
_____

FOR APPELLANT:          Verties D. Toran, *pro se*,
                        Binghamton, NY.

FOR APPELLEES:          Brian Matthew Seachrist, Office of
                        the Corporation Counsel, Binghamton,
                        NY.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Verties D. Toran, proceeding *pro se*, appeals from the district court's dismissal of his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), accepting all factual allegations therein as true and drawing all reasonable inferences in plaintiff's favor. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (Fed R. Civ. P. 12(b)(1)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Fed R. Civ. P. 12(b)(6)). In addition, a *pro se* litigant's complaint should be read liberally, and the *pro se* litigant should be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and

citation omitted).  However, a district court need not grant leave to amend a complaint when amendment would be futile. *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, we find no error in the district court's dismissal of Toran's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and we affirm the judgment with respect to those issues for substantially the same reasons as those articulated by the district court in its decision.  *See Toran v. City of Binghamton*, No. 09-cv-1381, 2010 WL 2026064 (N.D.N.Y. May 20, 2010).

We decline to address Toran's First Amendment retaliation claim under 42 U.S.C. § 1983 on appeal. Although Toran asserted this claim below, he fails to raise this issue in his brief.  "Issues not sufficiently argued in the briefs are considered waived . . . ."  *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

3

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk