11-1047, 11-3853
Griffin v. Alexander

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
DENNY CHIN,
SUSAN L. CARNEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
DONALD GRIFFIN,
<u>Plaintiff-Appellant</u>,

-v.-                                                  11-1047
                                                     11-3853
GEORGE ALEXANDER, CHAIRMAN, NYS
DIVISION OF PAROLE,
<u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Donald Griffin, <u>pro</u> <u>se</u>, Albion, N.Y.

FOR APPELLEES:          Barbara D. Underwood, Solicitor General, Nancy A. Spiegel,

1

Senior Assistant Solicitor General, Robert M. Goldfarb, Assistant Solicitor General, of Counsel, _for_ Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeals docketed under 11-1047 and 11-3853 are **CONSOLIDATED,** and the order and judgment of the district court be **AFFIRMED.**

Appellant Donald Griffin, _pro se_, appeals from the denial of his motion for a preliminary injunction, and separately appeals from the dismissal of his complaint. He alleged that his right to freely exercise his religion, protected under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, was violated when, in October 2008, the state denied him parole based, in part, on his refusal to participate in a sex offender counseling and treatment program. We consolidate Griffin's appeals and assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review de novo a district court's grant of a motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." _Shomo v. City of N.Y._, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). "We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion." _Oneida Nation of N.Y. v. Cuomo_, 645 F.3d 154, 164 (2d Cir. 2011).

Liberally construing his complaint to avoid mootness and the "favorable termination" rule of _Heck v. Humphrey_, 512 U.S. 477, 486-87 (1994), we find that Griffin fails to state a claim nonetheless. Griffin argues that his Presentence Report erroneously states that he sexually abused one victim; but he admits to sexually abusing another. Participants in the sex offender treatment program are not required to confess to any particular offense or act

of abuse.  All that is required is that participants discuss the behavior that resulted in incarceration.  Griffin does not plausibly state that this requirement necessitates that he lie or otherwise "impose[s] a substantial burden on the exercise of his religion."  See Redd v. Wright, 597 F.3d 532, 536 (2d Cir. 2010).

As his complaint fails to state a claim, it follows that Griffin fails to show a "clear" or "substantial" likelihood of success.  See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (articulating the standard for a preliminary injunction that will alter the status quo or "provide the movant with substantially all the relief sought") (internal quotation marks omitted).

For the foregoing reasons, the appeals docketed under 11-1047 and 11-3853 are **CONSOLIDATED**, and the order and judgment of the district court are hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK