Azkour v. Bowery Residents' Committee, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> > *Circuit Judge,*
> LEWIS A. KAPLAN,
> > *District Judge.**

---

Hicham Azkour,

> *Plaintiff-Appellant*,

> v.                                             15-887

Bowery Residents' Committee, Inc., Lawrence Rosenblatt, aka Muzzy Rosenblatt, Janet Forte, Kevin Martin, Tereen Llewelyn-Miller, Angela Kedzior, John Does, 1-5, Jane Does, 1-5,

> *Defendants-Appellees*.**

---

For Plaintiff-Appellant:                      Hicham Azkour, *pro se*, New York, NY.

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.
** The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

For Defendants-Appellees:    Paul Kovner, Esq., Rubin Fiorella & Friedman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Hicham Azkour, proceeding *pro se*, appeals the district court's judgment dismissing his civil rights complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(c), "employ[ing] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). We thus construe the complaint liberally, accepting its factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

In this Circuit, *pro se* complaints should not be dismissed by the district court "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, a district court need not grant leave to amend when doing so would be "futile." *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). We review a district court's denial of leave to amend for abuse of discretion, unless "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile," in which case we review the denial *de novo*. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (citation omitted).

2

## I.    Claims Under 42 U.S.C. §§ 1983, 1985, 1986, and 2000d

Azkour has abandoned his claims under §§ 1985, 1986, and 2000d by failing to address them in his brief.   *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).   And the district court properly dismissed and denied leave to amend Azkour's claims under § 1983 because Azkour failed to adequately plead state action.   *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257–58 (2d Cir. 2008) (explaining the three tests for determining whether the actions of a private entity are attributable to the state).   Azkour argues on appeal that the Bowery Residents' Committee is a state actor under the Supreme Court's test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995).   This argument fails because, *inter alia*, New York did not "create[] [the Bowery Residents' Committee] by special law."   *Id*. at 400. Nor is there "any indication" that Azkour could remedy this deficiency by repleading.   *Shomo*, 579 F.3d at 183.   Accordingly, we affirm the district court's judgment as to these claims.

## II.    Claims Under 42 U.S. C. § 1981 and the Fair Housing Act ("FHA")

Although the district court characterized the problems with Azkour's case as "substantive," it dismissed his § 1981 and FHA claims because of pleading failures.   *Azkour v. Bowery Residents' Comm., Inc.*, No. 13 Civ. 5878 (TPG), 2015 WL 1344770, at *8 (S.D.N.Y. Mar. 23, 2015).   The district court also failed to apply the appropriate pleading standard in accordance with *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny, to those claims.   *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (applying *McDonnell Douglas* to § 1981 claims); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (applying *McDonnell Douglas* to FHA claims).   As we have recently held, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss."   *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).   Azkour was only

3

required to "give plausible support to a minimal inference of discriminatory motivation."[1] *Vega*, 801 F.3d at 84 (internal quotation marks omitted). Although many of the factual allegations in Azkour's complaint were conclusory and may not have even been attributable to the defendants, given the relaxed pleading requirements under *McDonnell Douglas*, it is not clear that granting leave to amend his complaint would have been futile. Accordingly, we vacate and remand with instructions to allow Azkour to amend his complaint as to these claims. *See Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 260–61 (2d Cir. 2007) (declining to address whether plaintiffs' complaint was sufficiently pleaded where district court had erroneously denied leave to amend as futile because the Court "[could not] be sure that the pleadings in the record before [it] represent[ed] the final version of the plaintiffs' allegations").

We have considered Azkour's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

1 Although *Littlejohn* and *Vega* discussed pleading standards in the context of employment discrimination cases, they both relied on the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). We have held that "[t]he *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006).