17-2951
Redd v. Leftenant

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

———————————————————————

Fedie R. Redd,

> *Plaintiff-Appellant,*

v.                                                                                     17-2951

Zina Leftenant, Jason Zimmer, Richard Samuel, Raymond Horton, Megan Rudy, Patricia P. Wright,

> *Defendants-Appellees.**

———————————————————————

FOR PLAINTIFF-APPELLANT:                    FEDIE R. REDD, pro se,
                                            Freeport, NY.


FOR DEFENDANTS-APPELLEES:

MEGAN RUDY & PATRICIA P. WRIGHT            CHRISTI M. KUNZIG (Robert
                                          F. Van der Waag, *on the
                                          brief*), Deputy County
                                          Attorneys, *for* Jared A.
                                          Kasschau, Nassau County
                                          Attorney, Mineola, NY.

* The Clerk of Court is directed to amend the caption as shown above.

ZINA LEFTENANT, JASON ZIMMER, RICHARD SAMUEL, & RAYMOND HORTON

DEANNA PANICO (Angelo M. Bianco, *on the brief*), Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On September 2, 2016, plaintiff-appellant Fedie R. Redd filed suit against defendants-appellees Zina Leftenant, Jason Zimmer, Richard Samuel, Raymond Horton, Megan Rudy, and Patricia Wright asserting state and federal law claims. On September 7, 2017, the district court dismissed Redd's federal law claims with prejudice, finding, *inter alia*, that they were time-barred as a matter of law; declined to exercise supplemental jurisdiction over Redd's state law claims; and entered final judgment in favor of defendants. Redd timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although we must accept all factual allegations in the complaint as true, that requirement is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We review for abuse of discretion the district court's decision regarding equitable tolling and its denial of leave to amend. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Redd's claims arising under 42 U.S.C. §§ 1983 and 1985 are governed by New York's three-year statute of limitations for personal injury actions. *See Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009) (holding that New York's three-year statute of limitations applies to § 1983 actions arising in New York); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (holding the same for § 1985 actions). Redd's claims accrued when Redd knew or had reason to know of her injury. *Veal v. Geraci*, 23 F.3d 722, 724-25 (2d Cir. 1994) (holding that claims can accrue before a plaintiff obtains all relevant proof). Redd was aware of her claims, at the latest, when she initiated a related state court suit on May 3, 2011, more than five years prior to commencing the instant action. Redd is not entitled to equitable tolling as she was plainly aware of her causes of action in 2011 and able to exercise her rights at that time. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (explaining that equitable tolling only applies in "rare and exceptional circumstances"). Further, because Redd's claims are untimely as a matter of law, amendment would be futile. Since Redd's claims were properly dismissed under the statute of limitations, there is no need for this Court to consider the district court's other bases for dismissal.

Redd does not present any other cognizable federal causes of action and the district court acted properly in declining supplemental jurisdiction over Redd's state law claims. We have considered all of Redd's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3