22-190-pr
*Michel v. Orange County*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

Present:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SARAH A. L. MERRIAM
> *Circuit Judges.*

_____

GARRY MICHEL,

*Plaintiff-Appellant,*

v.                                                                          22-190-pr

ORANGE COUNTY, N.Y.; ORANGE COUNTY JAIL; SHERIFF CARL E. DUBOIS, INDIVIDUAL CAPACITY/ OFFICIAL CAPACITY; WELLPATH MEDICAL SERVICES; SERGEANT COLBY; SERGEANT SIMARILLI; JOHN DOE, ORANGE COUNTY JAIL EMPLOYEE; JANE DOE, NURSE; OFFICER C. WETZEL, ORANGE COUNTY JAIL GRIEVANCE COORDINATOR; CHIEF DEPUTY

DENNIS BARRY, INDIVIDUAL
CAPACITY/OFFICIAL CAPACITY;
CORRECTIONS ADMINISTRATOR
ANTHONY MELE, INDIVDIUAL
CAPACITY/OFFICIAL CAPACITY;
UNDERSHERIFF KENNETH T. JONES;
ASSISTANT UNDERSHERIFF
ANTHONY J. WEED; DOCTOR
GEORGE, WELLPATH MEDICAL
SERVICES; GRIEVANCE
COORDINATOR P. BRAHM, CORR.
DIV., ORANGE COUNTY JAIL

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    JAMES NIKRAFTAR, Goodwin Procter
                                            LLP, Santa Monica, CA (Gerard J.
                                            Cedrone, *on the brief*, Goodwin
                                            Procter LLP, Boston, MA).

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part** and **VACATED in part** and **REMANDED** for further proceedings consistent with this Order.

The district court *sua sponte* dismissed the *pro se* complaint of Garry Michel, a prison inmate, pursuant to the Prison Litigation Reform Act ("PLRA"). Michel had sued Orange County, the Orange County Jail, and several individual defendants, (collectively, the "Defendants") under 42 U.S.C. § 1983 for harms he had allegedly suffered due to persistent

2

secondhand smoke exposure from K2, a synthetic cannabinoid at the jail where he was incarcerated. The district court *sua sponte* dismissed the complaint for failure to state a claim, but granted Michel leave to amend. Michel filed an amended complaint on December 21, 2021, adding new individual defendants and new allegations regarding secondhand tobacco smoke exposure. The district court once again found that Michel had failed to state a claim and declined to grant him another opportunity to amend "because it does not appear that Plaintiff can rectify the issues by amendment . . . ." *Michel v. Orange Cnty.*, No. 21-CV-9406 (CS), 2022 WL 103581, at *3 (S.D.N.Y. Jan. 11, 2022). Michel timely appealed, and this Court granted his request for *pro bono* counsel. *See* Order for Pro Bono Counsel, *Michel v. Orange County*, No. 22-190, Docket Entry ("D.E.") 65 (2d Cir. Dec. 28, 2022). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A," the PLRA screening procedure. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).[1] "We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* "We have frequently reiterated that *sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). When the plaintiff proceeds *pro se*, a court is obliged to construe his pleadings liberally, particularly when he alleges civil rights

---

[1] Unless otherwise noted, internal quotation marks, citations, and brackets are omitted.

violations. *Id.* "Because we cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, we remand" the case with the opportunity for the plaintiff to replead or amend. *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009).

Michel alleges that the Defendants were deliberately indifferent to his health and safety with regards to his exposure to secondhand smoke from K2 and tobacco. To assert a Fourteenth Amendment claim for deliberate indifference, the plaintiff must adequately plead "either that the defendants *knew* . . . or that the defendants *should have known*" that failure to mitigate the risks posed by the complained of confinement condition "would pose a substantial risk to the detainee's health." *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019). With respect to individual defendants, a plaintiff must plead that each was personally involved in the alleged constitutional deprivation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). For the majority of the Defendants, Michel either adequately pled their deliberate indifference at this stage of litigation or pled facts making clear that he could state a valid claim. This warrants the opportunity to amend. *See McEachin*, 357 F.3d at 200-01. Specifically, Defendants Orange County, Sheriff Carl E. Dubois, Undersheriff Kenneth T. Jones, Assistant Undersheriff Anthony J. Weed, Chief Deputy Dennis Barry, Officer C. Wetzel, Corrections Administrator Anthony Mele, Sergeant Simarilli, Grievance Coordinator P. Brahm, and Sergeant Colby should not have been dismissed, and Michel should be granted leave to amend his complaint with respect to each of them.

4

First, at this very early stage of litigation and considering that Michel was proceeding *pro se*, his allegations against Orange County sufficed to survive dismissal.    On remand, if he seeks to augment his allegations against Orange County, he should be permitted to do so, but they were sufficient as is.    Michel alleged that the "prison environment was permeated with K2 drug smoke resulting from underenforcement of . . . inadequate drug and smoking polic[ies] and rules and overcrowding of inmates and poor ventilation" and that a grievance officer "admitted that[] its policy for detecting and preventing and eliminating drugs and drug smoke from its facility was essentially insufficient, ineffective and underenforced . . . ."    App'x at 74-75. Additionally, Michel attached a letter in response to a grievance he filed in which Defendant Officer Wetzel acknowledged that inmates in Michel's unit "were all caught in the act" of smoking K2 four times in the span of nine days, despite the fact that the facility had adopted new procedures "to ensure that no K-2 paper is making its way into the Inmates['] possession." App'x at 91.    Michel also attached a lengthy letter he had written to Defendant Sergent Colby, detailing how he continued to suffer from pervasive secondhand exposure at the jail.

These contentions adequately allege liability under either a failure to supervise or train theory or an unconstitutional practice theory.    For failure to train or supervise liability, this Court has identified three requirements: (1) that the municipal policymakers know "to a moral certainty" that their employees will face a given situation; (2) that the situation either presents employees with a difficult choice that would be aided by training or supervision or that "there is a history of employees mishandling the situation"; and (3) the wrong choice or response from the employees "will frequently cause the deprivation of a citizen's constitutional rights."    *Jenkins v.*

5

*City of New York,* 478 F.3d 76, 94 (2d Cir. 2007). Here, Michel's allegations allow inferences that satisfy these three requirements: (1) Orange County Jail officials or policymakers knew "to a moral certainty" that secondhand smoke was pervasive and that its employees would face problems managing inmates' exposure; (2) there was a history of employees inadequately responding to the pervasive secondhand smoke, including failing to adequately enforce existing prohibitions on smoking and screening for K2 and failing to move inmates to properly ventilated areas; and (3) Orange County Jail employees' failure to adequately respond to the tobacco and K2 smoking violations and the resulting secondhand smoke exposure caused Michel's alleged constitutional deprivation. Michel also sufficiently alleged that Orange County maintained a policy or custom that resulted in the violation of Michel's rights under the Fourteenth Amendment. "A policy, custom, or practice may also be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Michel adequately alleged the existence of a practice of Orange County underenforcing "its policy for detecting and preventing and eliminating drugs and drug smoke from its facility" and that high-ranking county officials—including Defendants Orange County Sheriff Dubois, Undersheriff Jones, Assistant Undersheriff Weed, and Chief Deputy Barry—had "knowledge of the conditions at the Orange County Jail that subjected [him] to serious health risks and problems . . . ." App'x at 75; 77. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

6

that the defendant is liable for the misconduct alleged." *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022). Considering Michel's allegations in the generous light afforded to *pro se* plaintiffs, we find that his pleadings allow us "to draw the reasonable inference that" Orange County "is liable for the misconduct alleged." *Id.*

With respect to Defendants Officer Wetzel, Corrections Administrator Mele, Sergeant Simarilli, Grievance Coordinator Brahm, and Sergeant Colby, Michel alleged that each of them was liable "due to their failure to enforce prison policies regarding inmates being sent, given, possessing and smoking prohibited substances such as K2," "their failure to take corrective action to fix a flawed policy and procedure," and their "fail[ure] to take corrective action to protect [Michel's] civil rights and health from the harmful effect of K2 smoke[.]" App'x at 77-78. He also included additional specific allegations against Brahm and Wetzel and attached letters that implicated Wetzel's, Colby's, and Simarilli's personal involvement due to their awareness of and failure to respond to the secondhand smoke exposure. For at least some of these Defendants, Michel has adequately alleged that they "*knew . . . or . . . should have known*" that failing to respond to the K2 and tobacco smoke exposure would pose a substantial risk to his health, *Charles*, 925 F.3d at 87; and against all of these Defendants, Michel has adequately demonstrated that his claims are non-frivolous, *McEachin*, 357 F.3d at 200. We recognize that there were shortcomings in Michel's pleadings, but they were due to a lack of details, not to any inherent implausibility. Accordingly, Michel should be permitted to amend his complaint with respect to these Defendants.

As for the four supervisory Defendants—Sheriff Dubois, Undersheriff Jones, Assistant Undersheriff Weed, and Chief Deputy Barry—Michel should also have an opportunity to amend

7

his complaint. A supervisory "defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016). Michel alleged that these Defendants were "chargeable because of their knowledge of the conditions at the Orange County Jail that subjected Plaintiff to serious health risks and problems and . . . due to their failure to take corrective actions to protect the civil rights of" Michel. App'x at 77. Although we decline to say that these allegations in and of themselves suffice, they show that Michel's claims against these Defendants are non-frivolous and that, given the opportunity to supplement his complaint, he could state viable claims against them. *McEachin*, 357 F.3d at 200-01; *Shomo*, 579 F.3d at 184.

However, we agree with the district court's dismissal of the remaining Defendants: Orange County Jail, John Doe, Wellpath Medical Services, Dr. George, and Jane Doe. As the district court noted, Orange County Jail is not a proper party for a § 1983 claim. *See Whitley v. Westchester Cnty.*, No. 97 CIV. 0420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (Sotomayor, J.) ("To proceed under 42 U.S.C. § 1983, the plaintiff must name the 'person' who violated or caused the violation of plaintiff's constitutional rights. A prison facility . . . is not a person within the meaning of § 1983."). Additionally, Michel's allegations against John Doe do not suggest that he acted (or even plausibly could have acted) with deliberate indifference. Finally, we agree with the district court that Michel's allegations against Wellpath Medical Services, Dr. George, and Jane Doe would support, at most, a claim for medical malpractice, which this Court has made clear is insufficient in and of itself to establish a Fourteenth Amendment claim of deliberate indifference to medical needs. *See Michel*, 2022 WL 103581, at

*3; *Charles*, 925 F.3d at 87.

We believe Michel's case satisfies many of the factors that weigh in favor of appointing counsel: Michel's "position seems likely to be of substance," there will likely be a need "to investigate the crucial facts," including as to the relevant policies and practices regarding K2, tobacco, and secondhand smoke exposure, and we have concerns about his "ability to present the case" without counsel, despite its potential merit. *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). For these reasons, we conclude that "appointment of counsel would be more likely to lead to a just determination." *Id.* at 62; *see also* 28 U.S.C. § 2106. Accordingly, on remand, the district court shall appoint Goodwin Proctor LLP as *pro bono* counsel to Michel, who represented Michel in this appeal.[2]

For the foregoing reasons, we **AFFIRM in part** and **VACATE in part** the district court's dismissal of Michel's complaint, and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] This Court also appointed *pro bono* counsel in a recent secondhand smoke exposure case involving a prison inmate. *See Braxton v. Bruen*, No. 21-2795, 2023 WL 7478331, at *3 (2d Cir. Nov. 13, 2023).